Scott F. Gautier (State Bar No. 211742)
*sgautier@pwkllp.com*
Lorie A. Ball (State Bar No. 210703)
*lball@pwkllp.com*
Thor D. McLaughlin (State Bar No. 257864)
*tmclaughlin@pwkllp.com*
PEITZMAN, WEG & KEMPINSKY LLP
10100 Santa Monica Boulevard, Suite 1450
Los Angeles, CA 90067
Telephone: (310) 552-3100
Facsimile: (310) 552-3101

Proposed Attorneys for Debtor and Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Ecoly International, Inc., a California corporation,<br><br>Debtor and Debtor-in-Possession. | Case No.:<br><br>Chapter 11<br><br>**MOTION FOR JOINT ADMINISTRATION OF ESTATES; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Declaration of T. Scott Avila filed separately]<br><br>[No hearing required pursuant to LBR 1015-1(b)] |

Ecoly International Inc., ("Ecoly" or the "Debtor"), as debtor and debtor-in-possession in the above-captioned case (the "Case"), hereby moves (the "Motion") on an *ex parte* basis pursuant to Local Bankruptcy Rule 1015-1(b) for an order authorizing the joint administration of the Case with the related chapter 11 cases of Sexy Hair Concepts, LLC ("SHC"), Case No. _____, and Luxe Beauty Midco Corporation ("Midco"), Case No. _____, (together, the "Related Ecoly Cases"), pending before the Bankruptcy Court for the Central District of California.[1] In support of this Motion, the Debtor hereby submits the attached Memorandum of Points and Authorities, the concurrently filed Declaration of T. Scott Avila in Support of First Day Motions ("Avila Declaration"), and hereby states

---

[1] Motions for joint administration are being filed in each case concurrently.

1

as follows:

## JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 157. This matter concerns the administration of this bankruptcy estate and is accordingly a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Venue of this case is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure ("FRBP") and Local Bankruptcy Rule 1015-1(b).

## RELIEF REQUESTED

By the Motion, the Debtor requests that the Court authorize the joint administration of the Related Ecoly Cases, thereby relieving the Court, the estates, and parties in interest of the undue burden and expense attendant with the separate administration of the cases.

Dated: December 21, 2010                    PEITZMAN, WEG & KEMPINSKY LLP

                                            By:    /s/ Scott F. Gautier
                                                Scott F. Gautier
                                                Lorie A. Ball
                                                Thor McLaughlin
                                            Proposed Attorneys for Debtor and Debtor-in-Possession

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## FACTUAL BACKGROUND

**A.    GENERAL BACKGROUND**

The Debtor is an operating company engaged in the distribution and marketing of hair-care products and brands. The Debtor outsources the production and manufacture of its various lines of premier salon products and operates from a single facility in Chatsworth, California that houses its corporate offices and distribution warehouse. The Debtor works with several distributors domestically and internationally, but does not maintain any other offices.

In 2008, the Debtor borrowed funds under a revolving credit and term loan credit facility (the "Senior Credit Facility") pursuant to that certain Credit Agreement dated as of April 9, 2008 (the "Senior Credit Agreement"), among the Debtor, a California limited liability company, as the borrower and, the Debtor's affiliates, Luxe Beauty Holdings Corporation ("Holdings"), Luxe Beauty Midco Corporation ("Midco"), and the Debtor's sole managing member, Ecoly International, Inc. ("Ecoly," together with SHC and Midco, the "Debtors"), as guarantors, the lenders identified therein ("Senior Secured Lenders") and Bank of America, N.A., as Administrative Agent and Collateral Agent. Bank of America, N.A., was later replaced by Bank of Montreal as Administrative Agent and Collateral Agent ("Agent"). Under the Senior Credit Agreement, the Senior Secured Lenders loaned the Debtor and its affiliates approximately $65 million and provided a revolving line of credit of approximately $7 million. In connection with the Senior Credit Agreement, the Debtor and its affiliates entered into that certain Security Agreement that granted Agent, for the benefit of the Senior Secured Lenders, a continuing security interest in all of the assets of the Debtor, Ecoly, Midco and Holdings and a Pledge Agreement that pledged the ownership interests of the Debtor, Ecoly and Midco to Agent, for the benefit of the Senior Secured Lenders. In addition, the Debtor incurred obligations to Northwestern Mutual Life Insurance Company ("NML") under that certain Securities Purchase and Guaranty Agreement, dated April 9, 2008 ("Subordinated Loan Agreement") by and between the Debtor, as borrower, Holdings, Midco and Ecoly, as guarantors, and NML.

In June, 2009, due to the state of the global economy and certain operational issues, the Debtor was unable to make certain installment payments then due and owing under the Senior Credit Agreement. Agent, on behalf of the Senior Secured Lenders, declared, in a notice of default, that payment and other covenant defaults under the Senior Credit Agreement had occurred and were continuing. In addition, the Debtor was also unable to make payments due and owing to NML under the Subordinated Loan Agreement. On July 23, 2009, Agent, on behalf of the Senior Secured Lenders, exercised voting rights with respect to the pledged shares of stock in Midco and Ecoly and, in that purported capacity, (1) removed the directors then serving on the Board of Directors of Midco and Ecoly (the "Board") and appointed new independent boards of directors, and (2) elected Andre Laus to serve as Chief Restructuring Officer. Andre Laus was later replaced by T. Scott Avila as the Chief Restructuring Officer.

Subsequently, Agent, on behalf of the Senior Secured Lenders, indicated its intent to foreclose and liquidate the stock of Ecoly and Midco, and to foreclose and liquidate all assets of the Debtor, to satisfy the obligations due and owing under the Senior Credit Agreement unless the Debtor cured all defaults and repaid all or a significant portion of the outstanding obligations. Following significant discussion and investigation of several alternatives, including a possible refinancing or restructuring of its debt, the Debtor elected to pursue a voluntary sale of substantially all of its assets in order to satisfy its debt obligations. To effectuate this sale, the Debtor hired an investment banker, Imperial Capital, LLC, who contacted over 180 companies and potential investors. The Debtor subsequently commenced negotiations with the current plan sponsor ("Plan Sponsor"). After extensive diligence, negotiations and changes in the transaction structure, the Plan Sponsor determined that given increasing litigation, corporate structural and regulatory risks to the Debtor, the Plan Sponsor would only be willing to consummate a transaction if the Debtor were a debtor-in-possession in a chapter 11 bankruptcy proceeding.

Ultimately (and as more fully described in the proposed disclosure statement and the Avila Declaration), the Plan Sponsor and SHC agreed that a transaction be consummated through a plan of reorganization ("Plan"), and pursuant to an investment agreement, in which SHC reorganizes

("Reorganized Debtor") and the newly issued equity of Reorganized Debtor is transferred to the Plan Sponsor in exchange for $43 million cash and the assumption of the $35 million of debt ("Transaction"). After taking into consideration the substantial efforts that have taken place over the past year to resolve the Debtors' financial problems, the Board, based upon information and belief that the Plan Sponsor continues to represent the best offer for SHC's assets that will return the most value to the Debtors' creditors and other stakeholders, SHC, Midco and Ecoly filed individual petitions for relief under chapter 11 to act as the plan proponent and submit the plan for approval.

**B.     FACTS SPECIFIC TO THIS MOTION**

Ecoly is a majority owned subsidiary of Midco. SHC is the wholly owned subsidiary of Ecoly. Ecoly and Midco are not operating companies and have almost no assets other than the ownership interests in their respective subsidiaries. Rather, SHC holds title to the all of the business assets and conducts all of the business related to the assets.

## II.

## ARGUMENT

**A.     THE RELATED ECOLY CASES SHOULD BE JOINTLY ADMINISTERED UNDER FRBP 1015(b)**

FRBP 1015(b)(4) empowers the court to order the joint administration of bankruptcy cases of separate entities "[i]f . . . two or more petitions are pending in the same court by or against . . .a debtor and an affiliate . . ." Further, Local Bankruptcy Rule 1015-1(b) provides that:

> If 2 or more cases are pending before the same judge, an order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to FRBP 1015, supported by a declaration establishing that the joint administration of the cases is warranted, will ease the administrative burden for the court and the parties, and will protect creditors of the different estates against potential conflicts of interest.

"Affiliate," is defined by the Bankruptcy Code to include an "entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor…" or a "corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor…" 11 U.S.C. § 101(2).

"Corporation" is defined by the Bankruptcy Code to include an "association having a power or privilege that a private corporation, but not an individual or partnership, possesses" or an "unincorporated company or association . . ." 11 U.S.C. 101(9).

Here, the Court should order the joint administration of the Related Ecoly Cases, as authorized by FRBP 1015(b)(4), because it will ease the burden on the Court and on the Debtors' creditors, without prejudicing any party in interest. Joint administration should be ordered because SHC is the wholly owned subsidiary of Ecoly and Ecoly is a majority owned subsidiary of Midco. Moreover, Midco and Ecoly possess no material assets other than the shares of Ecoly and the membership interest in SHC, respectively. Therefore, to ease the Court's administrative burden, it is appropriate for Midco and Ecoly's bankruptcy cases to be administered together with the case of the operating subsidiary, SHC.

Furthermore, the Debtors are all obligated under the two main credit facilities, making it likely that issues will arise requiring a ruling that will impact all Debtors. By ordering joint administration, the Court will be able to both dispose of issues with one set of pleadings and a single hearing schedule, and provide creditors with single and consistent rulings. Therefore, it is in the interests of judicial economy, the estate, and its creditors that the estates be administered jointly. If joint administration is not granted, each of the Debtors will potentially be forced to litigate similar, if not identical, matters in their respective chapter 11 cases. Such a result would not only be inefficient, but the duplication of matters likely would result in a significant waste of the Debtors' limited resources, as well as those of the creditors, other parties in interest and this Court.

Additionally, the rights of the Debtors' respective creditors and other interested parties will not be adversely affected by joint administration of the Related Ecoly Cases. Each creditor may still file its claim against the particular estate that allegedly owes it money. The Debtors will continue to operate, as they have in the past, as separate and distinct entities, and will continue to maintain separate books and records to reflect all intercompany and third-party transactions during the pendency of their chapter 11 cases.

The Debtor does not propose at this point to take any action that would constitute substantive consolidation of the estates, but is merely seeking authorization for procedural measures that will

simplify and facilitate the efficient administration of the Related Ecoly Cases.  By reason of the foregoing, joint administration of the Related Ecoly Cases is in the best interests of all interested parties.

### III.

### PROPOSED PROCEDURE FOR JOINT ADMINISTRATION

In order to effectuate joint administration in the Related Ecoly Cases, the Debtor proposes that the Bankruptcy Court enter an order providing, among other things, the following:

a. *Pleadings and Other Papers Filed with the Court*.  Except for proofs of claim, the Bankruptcy Court Clerk should maintain the same docket for all pleadings and other papers filed in the Related Ecoly Cases.  The docket(s) shall be maintained under the Ecoly caption and case number (_____).  Parties in interest shall be directed to use the caption attached hereto as Exhibit A.  Each pleading or paper filed, however, shall indicate which of the Debtors is affected by or is a party to the subject filing.

b. *Proofs of Claim*.  Each proof of claim shall have the caption of the case in which it is filed.

c. *U.S. Trustee Reporting*.  Reports and statements filed with the Office of the United States Trustee shall be filed separately for each of the Debtors, unless the U.S. Trustee agrees to some other requirement.

d. *Schedules and Statements*.  Each of the Debtors has filed its own Schedule of Assets and Liabilities and Statement of Financial Affairs.

e. *Notice to Creditors*.  Upon entry of an order approving joint administration, the Debtor shall transmit to creditors of its estate a notice substantially in the form that is attached hereto as Exhibit B.

f. *No substantive consolidation*.  Nothing herein shall constitute a finding or order that the Debtors' estates shall be or should be substantively consolidated.

*///*

*///*

*///*

7

## IV.

## **CONCLUSION**

**WHEREFORE,** the Debtor respectfully requests entry of an order (i) directing the joint administration of the Related Ecoly Cases, and (ii) granting the Debtor such other and further relief as is just.

Dated: December 21, 2010                    PEITZMAN, WEG & KEMPINSKY LLP

                                            By:   /s/ Scott F. Gautier
                                                  Scott F. Gautier
                                                  Lorie A. Ball
                                                  Thor McLaughlin
                                            Proposed Attorneys for Debtor and Debtor-in-Possession

# Exhibit A

**Exhibit A**

Scott F. Gautier (State Bar No. 211742)
*sgautier@pwkllp.com*
Lorie A. Ball (State Bar No. 210703)
*lball@pwkllp.com*
Thor D. McLaughlin (State Bar No. 257864)
*tmclaughlin@pwkllp.com*
PEITZMAN, WEG & KEMPINSKY LLP
10100 Santa Monica Boulevard, Suite 1450
Los Angeles, CA  90067
Telephone: (310) 552-3100
Facsimile:  (310) 552-3101

Proposed Attorneys for Debtors and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>ECOLY INTERNATIONAL, INC., a California corporation, SEXY HAIR CONCEPTS, LLC, a California limited liability company, and LUXE BEAUTY MIDCO CORPORATION, a Delaware corporation,<br><br>    Debtors and Debtors-in-Possession.<br><br>**Check One or More as Appropriate:**<br>Affects All Debtors: ☐<br>Affects Ecoly International Inc. only: ☐<br>Affects Sexy Hair Concepts, LLC only: ☐<br>Affects Luxe Beauty Midco Corporation only: ☐ | Case No.: _____<br><br>Chapter 11<br><br>(Jointly Administered with Case Nos.: _____, _____, _____)<br><br>**CAPTION**<br>**Joint Administration** |

# Exhibit B

**Exhibit B**

Scott F. Gautier (State Bar No. 211742)
*sgautier@pwkllp.com*
Lorie A. Ball (State Bar No. 210703)
*lball@pwkllp.com*
Thor D. McLaughlin (State Bar No. 257864)
*tmclaughlin@pwkllp.com*
PEITZMAN, WEG & KEMPINSKY LLP
10100 Santa Monica Boulevard, Suite 1450
Los Angeles, CA  90067
Telephone: (310) 552-3100
Facsimile:  (310) 552-3101

Proposed Attorneys for Debtors and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>ECOLY INTERNATIONAL, INC., a California corporation, SEXY HAIR CONCEPTS, LLC, a California limited liability company, and LUXE BEAUTY MIDCO CORPORATION, a Delaware corporation,<br><br>　　　　Debtors and Debtors-in-Possession.<br><br>**Check One or More as Appropriate:**<br><br>Affects All Debtors:　☐<br>Affects Ecoly International Inc. only:　☐<br>Affects Sexy Hair Concepts, LLC only:　☐<br>Affects Luxe Beauty Midco Corporation only:　☐ | Case No.: _____<br><br>Chapter 11<br><br>(Jointly Administered with Case Nos.: _____, _____, _____)<br><br>**NOTICE OF JOINT ADMINISTRATION OF RELATED CASES**<br><br>(No Hearing Necessary) |

**TO CREDITORS, THE UNITED STATES TRUSTEE AND OTHER PARTIES IN INTEREST:**

　　**PLEASE TAKE NOTICE** that Ecoly International Inc., Luxe Beauty Midco Corporation and Sexy Hair Concepts, LLC (together, the "Debtors"), are operating as debtors and debtors-in-possession under chapter 11 of the Bankruptcy Code.  The Bankruptcy Court has approved joint administration of

their cases, in the following respects:

1. <u>Pleadings and Other Papers Filed with the Court</u>. *Except for proofs of claim*, the Court Clerk will maintain the same docket or dockets for all pleadings and other papers filed in the Debtors' cases. The docket(s) will be maintained under the Ecoly International Inc. caption and case number (_____). Parties in interest are directed to use the caption in the form set forth on the first page of this notice. Each pleading or paper filed, however, should indicate which of the Debtors is affected by or is a party to the subject filing.

2. <u>Proofs of Claim</u>. The joint caption should not be used for proofs of claim. Each proof of claim should be filed in the applicable case and have the caption of the case in which it is filed.

3. <u>United States Trustee Reporting</u>. Reports and statements filed with the Office of the United States Trustee will be filed separately for each of the Debtors, unless the United States Trustee agrees to some other requirement.

4. <u>Schedules and Statements</u>. Each of the Debtors will file its own Schedule of Assets and Liabilities and Statement of Financial Affairs.

Dated: December __, 2010                PEITZMAN, WEG & KEMPINSKY LLP

By:_____
    Scott F. Gautier
    Lorie A. Ball
    Thor D. McLaughlin
Proposed Attorneys for Debtors and Debtors-in-Possession