Scott F. Gautier (State Bar No. 211742)
*sgautier@pwkllp.com*
Lorie A. Ball (State Bar No. 210703)
*lball@pwkllp.com*
Thor D. McLaughlin (State Bar No. 257864)
*tmclaughlin@pwkllp.com*
PEITZMAN, WEG & KEMPINSKY LLP
10100 Santa Monica Boulevard, Suite 1450
Los Angeles, CA  90067
Telephone: (310) 552-3100
Facsimile: (310) 552-3101

Proposed Attorneys for Debtor and Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>ECOLY INTERNATIONAL, INC.,<br><br>Debtor and Debtor in Possession. | Case No.:<br><br>Chapter 11<br><br>**DECLARATION OF BARRY STRATTON IN SUPPORT OF (X) MOTION OF DEBTOR FOR ORDER APPROVING ASSUMPTION OF INVESTMENT AGREEMENT, (Y) MOTION OF DEBTOR FOR ORDER APPROVING DISCLOSURE STATEMENT AND SOLICITATION, VOTING, AND CONFIRMATION PROCEDURES AND (Z) MOTION FOR INTERIM AND FINAL ORDERS UNDER 11 U.S.C. §§ 361, 363 AND 364: (A) AUTHORIZING USE OF CASH COLLATERAL, (B) AUTHORIZING DEBTOR TO INCUR POST-PETITION INDEBTEDNESS, (C) GRANTING SECURITY INTERESTS, (D) AUTHORIZING ADEQUATE PROTECTION, AND (E) GRANTING OTHER RELIEF**<br><br>Hearing:<br><br>Date:  To Be Scheduled by the Court<br>Time:  To Be Scheduled by the Court<br>Place: Courtroom ___<br>         21041 Burbank Blvd.<br>         Woodland Hills, CA 91367 |

1  I, Barry Stratton, hereby declare as follows:

2  I am a Managing Director of Bank of Montreal ("BMO"). I have personal knowledge of the facts set forth herein and, if called and sworn as a witness, I could and would competently testify thereto.

2. In April, 2008, Sexy Hair Concepts, LLC (the "Debtor" or "SHC") borrowed funds under a revolving credit and term loan credit facility (the "Senior Credit Facility") established by that Credit Agreement dated as of April 9, 2008 (as amended and modified, together with all related security agreements and supporting documents, the "Senior Credit Agreement") among SHC, a California limited liability company, as the borrower and Luxe Beauty Holdings Corporation (the "Parent"), the subsidiaries and affiliates identified therein, as guarantors, the lenders identified therein ("Senior Secured Lenders") and Bank of America, N.A., as administrative agent. Bank of America, N.A. was later replaced by BMO, as administrative agent under the Senior Credit Facility.

3. Under the Senior Credit Agreement, the Senior Secured Lenders loaned SHC and its affiliates approximately $65 million and provided a revolving line of credit of approximately $7 million. As of the Petition Date, the outstanding amount owing under the Credit Agreement is not less than $62,580,138 (the aggregate amount of all indebtedness owing to BMO and the Senior Secured Lenders under the Senior Credit Facility, the "Senior Secured Debt").

4. Pursuant to the terms of the Senior Credit Agreement, the Debtor granted the Senior Secured Lenders a security interest in all of the Debtor's assets (the "Assets").

5. In a letter dated August 4, 2010, BMO, on behalf of the Senior Secured Lenders, notified the Debtor that it was in default under the Credit Agreement. Pursuant to that letter, the Senior Secured Lenders and BMO informed the Debtor that they intended to exercise certain of their remedies under the Uniform Commercial Code and would conduct a public disposition of the Assets. Pursuant to a letter dated December 9, 2010, the Lenders and BMO informed the Debtor that such public disposition would take place on January 14, 2011.

6. I have reviewed the Investment Agreement dated December 20, 2010 (the "Investment Agreement") wherein the Debtor proposes to enter into a transaction with Sexy Hair, Inc. ("Investor")

whereby Investor would invest, pursuant to a plan of reorganization ("Plan"), in a reorganized Debtor in exchange for all of the equity interests of such reorganized Debtor. I have also discussed the Plan, including the terms, the procedure and the timing thereof, with the Debtor. BMO and all or substantially all of the Senior Secured Lenders (the "Supporting Senior Secured Lenders") have provided their consent to the terms of the Plan and believe that the Plan is in the best interest of all creditors; provided, however, that such consent of BMO and the Supporting Senior Secured Lenders is expressly conditioned on the proposed treatment of the Senior Secured Debt as set forth in the Plan.

7. I have reviewed the Motion For Interim And Final Orders Under 11 U.S.C. §§ 361, 363 and 364: (A) Authorizing Use Of Cash Collateral, (B) Authorizing Debtor To Incur Post-Petition Indebtedness, (C) Granting Security Interests, (D) Authorizing Adequate Protection, And (E) Granting Other Relief (the "Financing Motion"). I have also reviewed the proposed order attached as Exhibit 3 to the Financing Motion (the "Proposed Financing Order") and the Debtor-In-Possession Credit Agreement attached as Exhibit 2 to the Financing Motion (the "DIP Agreement").

8. The Senior Secured Lenders and BMO support the Financing Motion and (a) the Senior Secured Lenders and BMO are prepared to consent to the Debtor's use of cash collateral and (b) BMO is prepared to provide debtor-in-possession financing to the Debtor, subject to the entry of an order by the Bankruptcy Court in the form of the Proposed Financing Order. In addition, BMO is prepared to execute the DIP Agreement upon entry of an order by the Bankruptcy Court in the form of the Proposed Financing Order and to provide debtor-in-possession financing to the Debtor in accordance with and subject to the terms and provisions of the DIP Agreement and the Proposed Financing Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 20th day of December 2010 at Chicago, Illinois.

Barry W. Stratton